**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**
**CLEVELAND OFFICE**

| | | |
|---|---|---|
| **JOHN DOE** | : | **CASE NO.** _____ |
| c/o RITTGERS & RITTGERS | : | |
| 12 East Warren Street | : | **JUDGE** |
| Lebanon, Ohio 45036 | : | |
| | : | |
| Plaintiff, | : | **COMPLAINT; JURY DEMAND** |
| | : | **ENDORSED HEREON** |
| vs. | : | |
| | : | |
| **GRAND RIVER ACADEMY** | : | |
| 3042 College Street | : | |
| Austinburg, Ohio 44010 | : | |
| | : | |
| Defendant. | : | |

Now comes Plaintiff, by and through counsel, and for his Complaint states as follows:

**PARTIES**

1. Plaintiff is an 18-year-old male and former student of Defendant Grand River Academy ("GRA"). Upon acceptance of this Complaint by the Clerk, Plaintiff will move this Court to allow him to proceed under the pseudonym "John Doe," as he is the victim of childhood sexual abuse and publicity of his true identity will cause further unwarranted trauma to him. Plaintiff's true identity is known to GRA.

2. GRA is a small, private college preparatory boarding and day school located in Austinburg, Ashtabula County, Ohio. GRA holds itself out as an institution which "helps young men activate their academic, emotional, and social potential and prepares them for lifelong success."

**JURISDICTION AND VENUE**

3. Plaintiff incorporates his previous allegations as if fully rewritten herein.

1

4. This Court has jurisdiction over the federal claims in this case pursuant to 28 U.S.C. § 1331 and over the state claims pursuant to 28 U.S.C. § 1367(a).

5. Venue in this Court is appropriate as the actions giving rise to Plaintiff's claims occurred in Ashtabula County, Ohio, within this district, and GRA's campus is located within the district.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Plaintiff incorporates his previous allegations as if fully rewritten herein.

7. As a boarding school, GRA permits students like Plaintiff to live on campus during the academic year.

8. During Plaintiff's time as a student at GRA from 2019-2021, he lived in housing provided by the school.

9. As a student and resident of GRA, Plaintiff was owed a duty by GRA to be protected from harm.

10. In or around July 2019, GRA hired Cheyenne Mongeon ("Mongeon") as a Spanish teacher despite her having no formal Ohio teaching license.

11. As a teacher, Mongeon was also permitted to live on the GRA campus in housing provided by the school, and she did in fact live in such housing until her termination in early 2021.

12. GRA policy prohibits first-year teachers who live on campus from having any students in their apartments.

13. Following completion of a teacher's first year of teaching, though, GRA policy permitted them to invite students within their campus housing units.

14. Specifically, GRA policy provides that:

> The residence of experienced teachers should never be declared "off limits" to anyone, especially students, for this is contrary to what boarding schools are and in direct conflict of the mission of the Academy. Teachers should never place themselves in a difficult position by meeting with only one student, alone, behind closed doors, nor taking only one student to a restaurant or shopping. Common sense dictates that when meeting with a student, a door stay open, you remain in a foyer, or at least one other person is present at all times. The threat of litigation should not prevent us from doing our jobs, but only make us use common sense and be pro-active.

15. GRA's policy plainly acknowledges that there are inherent risks associated with allowing students to be present in the living quarters of teachers.

16. Despite these known risk, at all relevant times to this Complaint, GRA had no meaningful policy or mechanism of oversight to ensure that teachers, like Mongeon, were adhering to the prohibition of having a single student alone in their residence behind closed doors.

17. Mongeon's contract was renewed by GRA for the 2020-2021 school year.

18. Upon renewal of her contract, Mongeon became an "experienced teacher" and was permitted to have students in her GRA-provided housing unit.

19. In or around October of 2020, Mongeon began engaging in aggressive grooming of Plaintiff who was 16 years old at the time.

20. Such grooming consisted of spending an inordinate amount of time with Plaintiff, frequently inviting him over to her apartment during the daytime and at night both alone and with other students, communicating with him via cell phone and social media applications, and inquiring about his personal life.

21. Mongeon's grooming of Plaintiff was so open and obvious that other GRA students believed something was happening between the two of them given the amount of time they were spending together and joked frequently about it.

22. The closeness of Mongeon and Plaintiff's relationship was also plainly obvious to administrators at GRA.

23. In fact, one such administrator texted Plaintiff's mother confirming he knew that Mongeon was close with Plaintiff.

24. In or around late October of early November 2020, while alone in her GRA-provided apartment with Plaintiff – in direct violation of GRA policy – Mongeon's grooming escalated to the point that she requested Plaintiff show her his penis.

25. She in turn exposed her breasts to him and requested that he touch them.

26. Over the course of the next several weeks, Mongeon's inappropriate conduct escalated as she sent nude images of herself to Plaintiff and demand that he reciprocate the same.

27. Upon information and belief, these sexually explicit images were transmitted using GRA property and/or via GRA's computer and internet networks.

28. Mongeon's grooming of Plaintiff eventually escalated to the point where she purchased condoms for him, and they engaged in digital sex, oral sex, and eventually sexual intercourse.

29. At all relevant times of sexual abuse by Mongeon, Plaintiff was 16 years old.

30. During the pattern of grooming and escalation of Mongeon's sexual aggressiveness, Plaintiff felt helpless to stop the advances for fear of retaliation by Mongeon or GRA.

31. It was not until Plaintiff returned home for Thanksgiving break at the end of November 2020 that he was able to gain the courage to disclose the abuse to his parents who immediately reported it to police.

32. Due to the fear and anxiety of the fallout from his disclosure of Mongeon's abuse, Plaintiff was unable to return to GRA for the conclusion of the 2020-2021 school year and completed his courses remotely with the help of tutors and other professionals at an additional expense to him and his family.

33. Mongeon was eventually arrested and plead guilty to sexual abuse related charges perpetrated on Plaintiff.

34. At the conclusion of the 2020-2021 school year, Plaintiff was unable to return to GRA due to the psychological impact of his abuse and he thereafter enrolled in a school outside of the State of Ohio at a significantly higher tuition cost.

## FIRST CAUSE OF ACTION
(Title IX, 20 U.S.C. § 1681, *et seq.*)

35. Plaintiff incorporates his previous allegations as if fully rewritten herein.

36. Title IX of the Education Amendments of 1972 requires that "No person… shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…"

37. Pursuant to the attached Exhibit 1, GRA, *inter alia*, accepted federal funds via the Payroll Protection Program and are thus obligated to comply with Title IX.

38. GRA was responsible for providing education to minor students, including Plaintiff, through (a) oversight and supervision of all school functions, school property, and student programs; and (b) the hiring, supervision, management, assignment, control, and regulation of individuals who serve as staff members, including but not limited to teachers like Mongeon.

5

39. GRA was responsible for all policies and procedures within the school. This charge and responsibility includes the supervision and discipline of teachers and administrators including, but not limited to, Mongeon.

40. The grooming and sexual abuse of Plaintiff occurred while he was under the control of GRA, in areas of the school to which Mongeon had access by virtue of her employment.

41. Despite knowledge of the risks associated with students being in the resident of teachers, GRA nevertheless, *inter alia*: (a) permitted Mongeon to have unsupervised access to various rooms and areas of the school; (b) permitted Mongeon to have unsupervised contact with Plaintiff during and after school hours; (c) prevented Plaintiff from receiving an education without a condition of such education being sexual harassment, sexual grooming and sexual abuse; and (d) promoted school policies that fostered a climate to flourish where Plaintiff beame the victim of sexual abuse.

42. At all times relevant to this Complaint, GRA further possessed actual notice that it could be liable under Title IX for teacher-on-student sexual harassment, sexual grooming, sexual discrimination, and sexual abuse.

43. At least by October or November 2020, GRA possessed actual knowledge of Mongeon's close relationship with Plaintiff and that they were spending significant amounts of time together in her apartment, alone, in violation of GRA policy.

44. By virtue of the sexual abuse described herein, Plaintiff was subjected to discrimination in his education at GRA based on his gender in that he suffered teacher-on-student sexual harassment, sexual grooming, and sexual abuse as a condition of his receipt of an education.

45. GRA failed to take appropriate corrective action, thereby acting with deliberate indifference to the rights and safety of Plaintiff by, *inter alia*,: (a) failing to report teacher-on-student sexual harassment, sexual grooming, and sexual abuse to appropriate authorities; (b) failing to cure or even attempt to cure obvious and known risks to minor male students at GRA; (c) failing to communicate any precautions, directives, or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult; (d) freely allowing and endorsing teachers to have unsupervised contact with minor students, including Plaintiff, without any meaningful oversight or protections in place.

46. The deliberate indifference, actions, and omissions described above caused Plaintiff to suffer the criminal sexual abuse by Mongeon described herein.

47. GRA failed to comply with Title IX in that it failed to ensure that the education provided to Plaintiff would be on an equal basis compared to the education provided by GRA to other students.

48. As a direct and proximate result of the conduct of GRA as described herein, Plaintiff has sustained severe and permanent injuries, including but not limited to depression, posttraumatic stress disorder, sleep disturbance, nightmares, social anxiety, anger, panic attacks, and as a result thereof, he has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; (e) lost educational opportunities; and (f) increased educational costs.

## SECOND CAUSE OF ACTION
(Negligence)

49. Plaintiff incorporates his previous allegations as if fully rewritten herein.

50. Plaintiff was a minor student at GRA at the time he was sexually abused by Mongeon.

51. This relationship created a duty on the part of GRA toward Plaintiff to protect him from foreseeable harm and prevent further harm.

52. On the occasions mentioned above, and perhaps on other occasions to be identified during discovery, GRA knew or should have known and/or become aware of Mongeon's grooming, harmful conduct, and/or abuse of John Doe yet negligently failed to protect him.

53. GRA breached their duty to Plaintiff by failing to protect him from foreseeable harm.

54. As a direct and proximate result of GRA's conduct, Plaintiff has incurred the damages described herein.

### THIRD CAUSE OF ACTION
(Negligent Supervision)

55. Plaintiff incorporates his previous allegations as if fully rewritten herein.

56. By virtue of being a student, GRA owed Plaintiff a duty to exercise ordinary care and to protect him such that he was not unnecessarily and unreasonably exposed to danger.

57. This duty required GRA to, *inter alia*, adequately train, monitor, and supervise its teacher's compliance with GRA policies and procedures.

58. GRA breached the duties owed to Plaintiff by failing to monitor and supervise its employees to ensure that students were not present in the residences of teachers alone and behind closed doors.

59. As a direct and proximate result of GRA's conduct, Plaintiff has incurred the damages described herein.

### FOURTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

60. Plaintiff incorporates his previous allegations as if fully rewritten herein.

61. The aforesaid conduct of GRA was outrageous and was intended to and did cause severe emotional distress to Plaintiff.

62. As a direct and proximate result of GRA's outrageous conduct, Plaintiff has suffered severe emotional distress as outlined herein.

WHEREFORE, Plaintiff respectfully demands judgment against Defendants for compensatory damages in an amount to be determined by the jury well in excess of $75,000.00, punitive damages, attorney fees, costs and all other relief to which he may be entitled.

Respectfully submitted,

/s/ Ryan J. McGraw

Konrad Kircher (0059249)
Ryan J. McGraw (0089436)
RITTGERS & RITTGERS
12 E. Warren St.
Lebanon, Ohio 45036
(513) 932-2115
(513) 934-2201 Facsimile
konrad@rittgers.com
ryan@rittgers.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands trial by a jury on all issues so triable.

/s/ Ryan J. McGraw
Ryan J. McGraw (0089436)