Having reviewed the unopposed Motion of Plaintiff and considering the relevant factors the Court grants Plaintiff's unopposed Motion to Proceed Pseudonymously.  (ECF # 2).

Granted.

*s/ Christopher A. Boyko*
**CHRISTOPHER A. BOYKO**
**SENIOR UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION
CLEVELAND OFFICE

| | | |
|---|---|---|
| JOHN DOE | : | CASE NO. 1:22-cv-01754 |
| | : | |
| **Plaintiff,** | : | JUDGE |
| | : | |
| vs. | : | **PLAINTIFF'S MOTION TO** |
| | : | **PROCEED PSEUDONYMOUSLY** |
| GRAND RIVER ACADEMY | : | |
| | : | |
| **Defendant** | : | |
| | : | |

Now comes Plaintiff, by and through counsel, and moves the Court to proceed in this case under the pseudonym "John Doe." Plaintiff's true identity is known to Defendant and will be disclosed to the Court. This Motion is supported by the attached Memorandum in Support.

Respectfully Submitted,

/s/ *Ryan J. McGraw*
Konrad Kircher (0059249)
Ryan J. McGraw (0089436)
RITTGERS & RITTGERS
12 E. Warren St.
Lebanon, Ohio 45036
(513) 932-2115
(513) 934-2201 Facsimile
konrad@rittgers.com
ryan@rittgers.com
*Attorneys for Plaintiff*

1

## MEMORANDUM IN SUPPORT

### Facts

The Complaint establishes that Plaintiff is now an 18-year-old male and former student of Defendant Grand River Academy ("GRA"). (Doc. 1 at ¶1). During the 2020-2021 school year, Cheyenne Mongeon was a second-year teacher at GRA and began grooming Plaintiff, then a minor student, for sexual exploitation, including the devotion of a great deal of one-on-one time with Plaintiff in open view of GRA employees and administrators. (*Id*. at ¶¶ 19-23). In or around late October or early November 2020, Mongeon had completed the grooming process and fully seduced Plaintiff, who was then 16 years old, with digital, oral, and sexual intercourse along with the transmission of sexually explicit images sent while on the GRA campus. (*Id*. at ¶¶ 24-29).

Plaintiff brings federal claims against GRA for violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, as well as state claims for negligence, negligent supervision, and intentional infliction of emotional distress. (*Id*. at ¶¶ 35-62). The Complaint was filed under the pseudonym "John Doe," as Plaintiff is the victim of childhood sexual abuse and publicity of his true identity will cause further unwarranted trauma to him.

### Law and Argument

As a general matter, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Under certain circumstances, however, the district court may allow a plaintiff to proceed under a pseudonym by granting a protective order. *Porter*, 370 F.3d at 560. In determining whether to grant such an order, district courts consider: (1) whether the plaintiff is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal

prosecution; and (4) whether the plaintiff is a child. *Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

In *Doe v. Mitchell,* Case No. 2:20-cv-00459, 2020 WL 6882601, Magistrate Judge Litkovitz was faced with a situation in which an adult female was suing the City of Columbus and a police officer for civil rights violations, alleging she was raped by the officer during the course and scope of his employment. Judge Litkovitz found that the balance of factors weighed in favor of a finding that plaintiff Jane Doe's "privacy interests substantially outweigh the presumption of open judicial proceedings." 2020 WL 6882601 at *5. Federal courts have long recognized the privacy interests of alleged sexual assault victims and have held that those privacy interests "outweigh the presumption in favor of openness." *Id.* (string cite omitted). The Court then recognized that, in describing the rapes, the plaintiff in that case would be required to reveal information of the utmost intimacy, such that there were compelling reasons to protect her privacy. *Id.* at *6. The Court also recognized that the first factor - whether plaintiff is seeking anonymity to challenge government activity - applied in favor of anonymity. *Id.* Finally, the Court found that defendants were not prejudiced by the anonymity, given that the plaintiff's true identity would be disclosed to them.

Even more recently, in *Doe v. Streck,* 522 F.Supp.3d 332, Case No. 3:20-cv-00513, Judge Michael Newman granted a motion to proceed pseudonymously. The facts in that case were similar to those in *Doe v. Mitchell,* with plaintiffs alleging they had been sexually assaulted by employees of the sheriff's office on government property. Judge Newman found that the first two *Porter* factors weighed in favor of plaintiffs. *Id.* at 334. The Court also found that the defendants will not be prejudiced, as they had been provided the true names of the plaintiffs. *Id.*

3

The facts of this case also weigh in favor of pseudonymity. Indeed, the factors are even more compelling in this case than in *Doe v. Mitchell* and *Doe v. Streck* because Plaintiff was a minor at the time of the sexual exploitation. Attached is an Affidavit from a highly-qualified psychological expert who testified in a Minnesota case about the devastating effects upon child sex abuse survivors who are forced to reveal their exploitation in the public record. The reasoning set forth in the Affidavit applies equally to this matter.

## CONCLUSION

For the reasons stated above, Plaintiff moves for an Order permitting him to proceed in this case under the pseudonym "John Doe."

Respectfully Submitted,

/s/ *Ryan J. McGraw*
Konrad Kircher (0059249)
Ryan J. McGraw (0089436)
RITTGERS & RITTGERS
12 E. Warren St.
Lebanon, Ohio 45036
(513) 932-2115
(513) 934-2201 Facsimile
konrad@rittgers.com
ryan@rittgers.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed with the Court through its e-filing system and will be served upon all counsel of record through that system.

/s/ *Ryan J. McGraw*
Ryan J. McGraw (0089436)